**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Matthew McDermott,

                    Plaintiff,

        v.

Heavy Inc.,

                    Defendant.

Case No:

JURY TRIAL DEMAND

## COMPLAINT

Plaintiff Matthew McDermott ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Heavy Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.    This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.    Plaintiff is an award-winning New York City-based photographer known for his diverse body of work, ranging from commercial and portrait photography to high-risk photojournalism. A key part of his career was covering the September 11, 2001 attacks, where he captured an iconic image of a kneeling firefighter. He received an Award of Excellence for his photograph titled "Kiki's Rescue," which captured a rescue scene following the 2010 Haiti earthquake and from the New York Press Photographers Association in the 2011 "Year in Pictures" contest, he was honored with the "Best in Show" award and was named "Photographer of the Year" for his work in 2010

3.    Plaintiff created a series of photographs of former New York Jet quarterback Zac Wilson's town home (the "*Photographs*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

4.    Upon information and belief, Defendant is a privately held digital media company

based in New York City that provides online news and information that primarily focuses on sports news and analysis for an American audience, with major coverage of the NFL, NBA, NHL, and MLB. In addition to sports, the site also publishes content on general breaking news, politics, and entertainment. The company's revenue is generated through advertising with ad management services to optimize ad revenue while maintaining a positive user experience.

5.     As the central and key component of its business, Defendant owns and operates a website at heavy.com (the "*Website*").

6.     Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7.     Plaintiff Matthew McDermott is an individual who is a citizen of the State of Connecticut and maintains a principal place of business in Fairfield County, Connecticut.

8.     Upon information and belief, defendant Heavy, Inc., is an individual who is a citizen of the State of New York with a principal place of business at 330 West 38th Street #1002, New York in New York County, New York.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

11.     Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A.     **Plaintiff's Copyright Ownership**

12.     Matthew McDermott ("*McDermott*") is a professional photographer by trade who

2

is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13.    Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

15.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

16.    On March 14, 2024, McDermott published Photograph #1 and Photograph #2. (Copies of Photograph #1 and Photograph #2 are attached hereto as <u>Exhibit 1</u> and referred to herein as the "*Photographs*").

17.    Plaintiff published the Photographs by commercially licensing it to the New York Post for the purpose of display and/or public distribution.

18.    In creating the Photographs, McDermott personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

19.    On March 26, 2024, the Photographs were registered by the USCO under Registration No. VA 2-397-291.

20.    Plaintiff created the Photographs with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    <u>Defendant's Infringing Activity</u>**

21.    Defendant is the registered owner of the Website and is responsible for its content.

22.    Defendant is the operator of the Website and is responsible for its content.

23.    The Website is a key component of Defendant's popular and lucrative commercial enterprise.

24.    The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

25.     Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

26.     Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles have been properly licensed.

27.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

28.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

29.     Upon information and belief, a number of copyright lawsuits have been filed against Defendant highlighting a pattern of habitual infringement and suggesting Defendant has either failed to rectify systemic issues leading to these infringements or is willfully neglecting copyright laws.

30.     Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

31.     On or about March 15, 2024, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph #2 on the Website, and volitionally displayed Photograph #1 as part of an on-line story at URL: https://heavy.com/sports/nfl/new-york-jets/zach-wilson-selling-house-trade-coming/ (herein the two unauthorized uses are referred to as the "*Infringements*"). Copies of screengrabs depicting the Infringements are attached hereto as Exhibit 2.

32.     Photograph #2 was intentionally and volitionally copied and stored by Defendant at          URL:          https://heavy.com/wp-content/uploads/2024/03/031424-real-estate-165-

78354593.webp?resize=780,520.

33.    The Infringements are copies of Plaintiff's original images that were directly copied and/or displayed by Defendant.

34.    Upon information and belief, the Photographs were copied and/or displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs.

35.    The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

36.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photographs.

37.    Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

38.    Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

39.    Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

40.    Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

41.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

42.     Upon information and belief, Defendant monitors the content on its Website.

43.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

44.     Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues.

45.     Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

46.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

47.     Defendant's use of the Photographs harmed the actual market for the Photographs.

48.     Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

49.     On July 25, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

50.     Thereafter, on August 26, 2024, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

51.     Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

52.     Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

53.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

54.     Plaintiff repeats and incorporates by reference the allegations contained in the

preceding paragraphs, as though set forth in full herein.

55.     The Photographs are an original, creative work in which Plaintiff owns a valid copyright.

56.     The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

57.     Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

58.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

59.     Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

60.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority.

61.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

62.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

63.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled

to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

64.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.     finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying it without a license or consent;

b.     for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.     for pre-judgment interest as permitted by law; and

f.     for any other relief the Court deems just and proper.

DATED: September 19, 2025

**SANDERS LAW GROUP**

By: ___/s/ Craig Sanders___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 130271
*Attorneys for Plaintiff*